ERVIN, J.,
dissenting.
I respectfully dissent. I could agree with the majority that if PA Switzer can be said to be an authorized treating provider, competent, substantial evidence supports the order denying TTD from February 26, 2003, through the final hearing of September 16, 2003. My point of departure from the majority’s decision is, for the reasons stated infra, that a PA is not included within the statutory classification of an authorized treating provider, and therefore PA Switzer could not submit a medical opinion on claimant’s work status.
The JCC based his denial on Switzer’s opinion, made during his examination of appellant on February 25, 2003, that appellant then remained on light-duty status. *817 Dr. Siegel, Switzer’s supervising physician, disagreed with Switzer’s opinion, stating instead that claimant’s condition had precluded him from returning to work from February 18, 2003, through February 25, 2003, and that condition remained unchanged. Upon being confronted with the inconsistency between his opinion and that of his PA Switzer, Dr. Siegel replied, “I really don’t know what Mr. Switzer was thinking, but I think it would not be unreasonable to consider him still off of work because that was his work status up until the 25th.” In my judgment, the JCC erred in relying on the conflicting opinion of the PA.
Section 440.13(5)(e) explicitly allows only the opinions of an EMA, IME, or authorized treating provider into evidence. I believe it reasonably clear that a PA is neither an EMA nor an IME, as those terms are defined under section 440.13. The only substantial question is whether a PA can be appropriately designated an authorized treating provider. Unfortunately, chapter 440 does not provide a definition for such position.[2] I therefore consider it necessary to consult pertinent case law to supply a meaning for the term.
In Rucker v. City of Ocala, 684 So.2d 836 (Fla. 1st DCA 1996), this court reviewed certain sections of chapter 440 and applicable administrative rules to determine that the term, authorized treating provider, as used in section 440.13(5)(e), means “treating providers authorized by the E/SA.” Id. at 839. In the present case, Dr. Siegel used the medical information compiled by Mr. Switzer in forming his opinion; consequently, under the Rucker analysis, Mr. Switzer could be viewed as falling within the ambit of Dr. Siegel’s authorization to treat the claimant. Nevertheless, by statute, a PA can only “perform medical services delegated by the supervising physician.” § 458.347(2)(e), Fla. Stat. (2002). I find nothing in the duties assigned PAs under section 458.347 explicitly authorizing them to render a medical opinion when they are acting under the indirect supervision of a physician. Indeed, a physician is forbidden by rule to delegate to a PA the right to make a final diagnosis, unless such delegation is expressly permitted by statute.[3] Fla. Admin. Code R. 64B8-30.012(2)(a)2. Nor may a PA interpret laboratory tests or X-ray studies without the interpretation and final review of the supervising physician. Fla. Admin. Code R. 64B8-30.012(2)(b)5.
In the case at bar, claimant was diagnosed with lumbar strain. The PA observed, during claimant’s visit on February 25, that the patient complained of pain radiating down the right leg and, while he had full range of motion of the spine, that “straight leg raise is equivocal.” Significantly, his notes concluded by stating: “He is still on light duty.”[4] (Emphasis added.) Two conclusions are apparent from Swit-zer’s comments and Dr. Siegel’s testimony: Either Dr. Siegel did not agree with the PA’s interpretation of claimant’s ability to return to work, based on the performance *818 of leg-raising tests, or the PA apparently overlooked or misread Dr. Siegel’s earlier work-status records of February 18, which clearly stated that claimant was then off work.
I therefore conclude that Mr. Switzer, a PA, cannot, under the provisions of section 440.13(5)(e), be deemed an authorized treating provider who is independently qualified to give a medical opinion on the claimant’s ability to return to work. Because he lacks such status, his opinion, as claimant has phrased it in his initial brief, is that of a layperson which should not have been accepted over the conflicting opinion of claimant’s authorized treating physician. I would therefore reverse the order denying the claim for TTD during the applicable period, and remand the case for further proceedings consistent with this dissent.

.Section 440.13(l)(i) does define in part a health care provider as "any recognized practitioner who provides skilled services pursuant to a prescription or under the supervision or direction of a physician and who has been certified by the agency [Agency for Health Care Administration] as a health care .provider.” I concede that because a PA works under the supervision of a physician, as authorized by section 458.347, Florida Statutes, a PA may be considered a health care provider. I do not concede, for the reasons stated infra, he must also be considered an authorized treating provider.

. Nothing in section 458.347 authorizes a PA to-so act.

. PA Switzer’s opinions are taken only from his somewhat cryptic notes made in the medical records of claimant's visits to the clinic. Unlike Dr. Siegel, Switzer did not testify.